**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex J. Villa Valenzuela,<br><br>Plaintiff,<br><br>v.<br><br>Gerardo Gregorio, et al.,<br><br>Defendants. | No. CV-18-0642-PHX-DWL (DMF)<br><br><br>**ORDER** |

In August 2018, the Court issued its Scheduling and Discovery Order in this matter. As relevant here, this Order stated that "All motions to amend the complaint or to add parties shall be filed by October 7, 2018." (Doc. 22 at 2) In September 2018, the Court granted Plaintiff's motion to amend his complaint insofar as the Clerk of the Court was directed to correct the names of the two Defendants. (Doc. 40) On October 10, 2018, Plaintiff moved to extend scheduling and discovery deadlines. He did not specify which deadlines and the Court granted his request for the then-remaining deadlines. (Docs. 42, 45) On November 8, 2018, Plaintiff moved to amend his complaint and lodged a proposed First Amended Complaint ("FAC"). (Docs. 47, 48) Defendants oppose his request for four reasons: (1) the FAC does not conform with LRCiv. 15.1; (2) the FAC is untimely and no relief is available under Rule 60; (3) adding claims against Sheriff Penzone and Correctional Health Services would be futile; and (4) the proposed claims against Corizon and ADOC do not relate to the claims in this matter and should be brought in a separate

matter. (Doc. 49) Plaintiff's reply argues that these requirements should not apply. (Doc. 52)

The Court will deny Plaintiff's motion. First, as Defendants note, Plaintiff's motion does not comply with LRCiv 15.1 which states:

> **(a) Amendment by Motion.** A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise.
>
> **(b) Amendment as a Matter of Course or by Consent**. If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If an amended pleading is filed with the opposing party's written consent, the notice must so certify.

Moreover, Plaintiff's motion was untimely under the Court's scheduling order. (Doc. 22) Plaintiff's motion and reply do not provide any explanation for this delay.

In sum, Plaintiff has not followed the Court's orders to properly amend the Complaint to add additional parties or causes of action. Plaintiff's filings which fail to follow the Court's orders, if allowed, have the effect of undermining the substantive rulings in the Screening Order (Doc. 7) and makes it difficult, at best, for the Court to screen the proposed new defendants as the Court is required under law to do. *See* 28 U.S.C.§ 1915A(a). Because of the above reasons, the Court need not reach the additional arguments by Defendants. Accordingly, his motion will be denied.

. . .

. . .

. . .

1     **IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Amend (Doc. 47).

2     Dated this 17th day of December, 2018.

3

4

5                             Honorable Deborah M. Fine
                           United States Magistrate Judge